ORDER
 

 ZILLY, District Judge.
 

 Background
 

 The defendant, Costco Wholesale Corporation (“Costco”), has brought this motion for partial summary judgment with respect to its counterclaim and count VI of the plaintiffs’ complaint. Defs Mot. for Summ. J., docket no. 22. Costco’s counterclaim seeks a declaratory judgment that its written policy concerning the admittance of service animals into its warehouse stores does not violate either Title III of the Americans with Disabilities Act (“ADA”) or the Washington Law Against Discrimination (“WLAD”). Defs Counterclaim, docket no. 10. Count VI of the plaintiffs’ complaint contends that the written policy violates these laws and seeks a declaratory judgment to that effect. Pi’s Compl., docket no. 1. Thus, the sole issue for the purpose of this motion for partial summary judgment is whether the written policy of the defendant, Costco, concerning the admittance of service animals into its warehouse stores violates Title III of the ADA or the WLAD.
 
 [1]
 

 Plaintiff Susan Grill alleges that she is a disabled individual who uses a service animal to assist her. Pi’s Compl., docket no. 1, ¶ 3.1. Costco is a private membership club which sells goods through its warehouse stores located throughout the United States. Raines Decl., docket no. 24, ¶ 4. Susan Grill, has been a Costco member since December 2000. Pi’s Compl., docket no. 1, ¶ 3.2. For several reasons, Costco does not generally permit its members to bring animals into its warehouses. Raines Decl., docket no. 24, ¶ 6. However, in an effort to comply with the requirements of the ADA and the WLAD, Costco has created a written policy to allow service animals in its warehouse stores. Id at ¶ 4.
 

 The written policy adopted by Costco provides that an animal will be admitted into its store if it determines that the particular animal is a service animal.
 
 [2]
 
 Raines Deck, docket no. 24, Ex. A. Under the policy, the animal will be admitted if one of two separate criterion are met.
 
 Id
 
 First, an animal will be admitted if it is visually identifiable as a service animal by the presence of an apparel item, apparatus or other visual evidence that the animal is a service animal.
 
 Id
 
 Second, if the animal is without visual evidence that it is a service animal, the “member or guest must be prepared to reasonably establish that the animal does, in fact, perform a function or task that the member or guest cannot otherwise perform.”
 
 Id
 
 In such a situation, the Costco personnel are to “inquire of the animal’s owner what tasks or functions the animal performs that its owner cannot otherwise perform.”
 
 Id
 
 If the
 
 *MCCCXCIII
 
 owner is unwilling to provide this information the animal will not be allowed to enter the Costco warehouse.
 
 Id.
 

 Discussion
 

 I. Standard of Review
 

 Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.
 
 Celotex Corp. v. Catrett, 477
 
 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial.
 
 Matsushita Elect. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The opposing party must present significant and probative evidence to support its claim or defense.
 
 Intel Corp. v. Hartford Accident & Indem. Co.,
 
 952 F.2d 1551, 1558 (9th Cir.1991). For purposes of the motion, reasonable doubts as the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party.
 
 Addisu v. Fred Meyer, Inc.,
 
 198 F.3d 1130, 1134 (9th Cir.2000).
 

 II. Americans With Disabilities Act Claim
 

 The ADA was enacted by Congress in 1990 “to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.” 42 U.S.C. § 12101(b)(1). Congress found that “individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, [and] failure to make modifications to existing facilities and practices-” 42 U.S.C. § 12101(a)(5). Under the ADA, “[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services facilities, privileges, advantages, or accommodations of any place of public accommodation.” 42 U.S.C. § 12186(a). The statute defines discrimination as:
 

 (ii) a failure to make
 
 reasonable
 
 modifications in policies, practices, or procedures, when such modifications are
 
 necessary
 
 to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.
 

 Id.
 
 at § 12182(2)(A)(emphasis added).
 

 Additionally, pursuant to the authority delegated to it by Congress, the Department of Justice has issued regulations which require “[a] public accommodation shall make reasonable modifications in policies ... when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.... ” 28 C.F.R. § 36.302(a)(2003). With respect to service animals, the Department of Justice has determined that “a public accommodation shall modify policies, practices or procedures to permit the use of a service animal by an individual with a disability.”
 
 Id.
 
 at § 36.302(c)(1).
 

 In this case, the parties do not dispute whether the “visual evidence” inquiry in the Costco policy complies with the ADA. However, the center of the dispute is whether the “task or function” inquiry is prohibited by the Act. Costco argues that their policy of asking the “task or function” question prior to admittance does not violate the ADA because it complies with a
 
 *MCCCXCIV
 
 Department of Justice interpretation of the ADA and, second, the policy complies with a Department of Transportation interpretation of the Air Carrier Access Act, which is arguably analogous to the ADA
 

 A. Department of Justice Interpretations
 

 Costco argues that their “task or function” inquiry complies with the ADA, as a matter of law, because the Department of Justice has already determined that this is a legitimate inquiry by a business owner. The Department of Justice issued an interpretation directed at businesses regarding service animals which provides that:
 

 Business may ask if an animal is a service animal
 
 or ask what tasks the animal has been trained to perform,
 
 but cannot require special ID cards for the animal or ask about the person’s disability.
 

 Valente Decl, docket no. 23, Ex. A (“Business Brief’Xemphasis added). Because the Department of Justice is the “agency directed by Congress to issue implementing regulations,
 
 see
 
 42 U.S.C. § 12186(b), to render technical assistance, § 12206(c), and to enforce Title III in court, § 12188(b), the Department’s views are entitled to deference.”
 
 Bragdon v. Abbott,
 
 524 U.S. 624, 646, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998).
 

 Plaintiffs respond by arguing that the ADA Business Brief is contradicted by a 1996 Department of Justice document entitled “Commonly Asked Questions About Service Animals in Places of Business.” Glogowski Decl., Ex. A. The document explains to businesses that “[i]f you are not certain that an animal is a service animal, you may ask the person who has the animal if it is a service animal required because of a disability.”
 
 Id.
 
 at 4. However, the document does not mention that the business may also ask what tasks the animal has been trained to perform, unlike the ADA Business Brief from April 2002.
 
 Id.
 
 Plaintiffs argue that by implication the Business Brief is in “irreconcilable conflict” with the “Commonly Asked Questions” document, and thus must be disregarded.
 

 Costco correctly argues that the plaintiffs’ argument is misguided. Both documents are plainly permissive. The Business Brief provides that Costco
 
 “may
 
 ask if an animal is a service animal or what tasks the animal has been trained to perform .... ” Valente Decl., Ex. A. Additionally, the “Commonly Asked Questions” document provides that Costco
 
 “may
 
 ask the person who has the animal if it is a service animal required because of a disability.” Glogowski Decl., Ex. A, at 4. The latter does not foreclose the possibility that Costco may still ask the “task or function” inquiry as provided in the Business Brief issued in April 2002.
 

 Finally, the plaintiffs argue that the Business Brief should be disregarded because it is internally inconsistent. They argue that the Brief is inconsistent because in the same sentence that the document provides that a business may “ask what tasks the animal has been trained to perform,” the business may not “require special ID cards for the animal or ask about the person’s disability.” Valente Decl., Ex. A. The plaintiffs assert that “the task based inquiry indirectly requires disclosure of a person’s disability, particularly ‘invisible’ ones.” Pi’s Resp., at 9.
 

 The Plaintiffs’ argument is unpersuasive. First, the Department of Justice has determined that a business owner can ask the “task or function” question without asking for the specific medical label or disability, as demonstrated by the specific language of the Business Brief. Valente Deck, Ex A. Second, as argued by Costco, the “task or function” question can be
 
 *MCCCXCV
 
 answered without divulging the specifics of the individuals disability, i.e. (1) “the animal is trained to alert me when a medical condition is about to occur” or (2) “the animal is trained to pick items up off the floor for me.”
 
 See
 
 Defs Reply, at 3 n. 3. Finally, it cannot be said that Costco’s failure to change their “task or function” question is a “failure to make a reasonable modification” in policies that are
 
 necessary
 
 to provide access for a disabled individual.
 
 See
 
 28 C.F.R. § 302(a)(2003). Without any authority to the contrary, the Court gives deference to the Justice Department’s interpretation of its own regulations and finds that the Costco policy does not violate the ADA.
 

 B. Department of Transportation Interpretations
 

 Finally, Costco argues that the Court should look to other agency interpretations of analogous nondiscrimination regulations for additional guidance. Defs Mot. for Summ. J., at 6. In support of their argument Costco points to the Department of Transportation’s recent guidance concerning service animals in air transportation.
 
 See
 
 68 Fed.Reg. 2874 (2003). The DOT guidance provides that airline personnel may obtain “credible verbal assurances” from the passenger to determine whether an animal is a service animal.
 
 Id.
 
 at 2875. The personnel may ask specifically, “[w]hat tasks or functions does the animal perform for you.”
 
 Id.
 
 However, as the plaintiffs argue, the DOT guidance is not an interpretation of the ADA but is an interpretation of the Air Carrier Access Act.
 
 Id.
 
 at 2874. Costco asserts that the nondiscrimination provision of the ACAA and the ADA are analogous and the DOT guidance should “inform” the Court’s analysis.
 

 The Court need not address this issue as the provisions of the ADA and the Department of Justice interpretations are sufficient to find that the Costco policy is not discriminatory as a matter of law. Costco has made a “reasonable modification” of their no animals policy to allow admittance of service animals. The policy requires Costco employees to first look for visual identification that an animal is a service animal. Raines Deck, docket no. 24, Ex. A. If the animal is “without visual evidence” that it is a service animal, the employee should inquire into what task or function the animal performs.
 
 Id.
 
 This “task or function” inquiry follows nearly word for word the Department of Justice’s guidance directed at businesses. Valente Deck, docket no. 23, Ex. A. The Department’s interpretation of its own regulation is entitled to deference absent a contrary reading of the regulation. In this case, it cannot be said that the task inquiry allowed in the DOJ Business Brief is contrary to the reasonable modification requirement. For these reasons the Court grants the defendant’s motion for summary judgment with respect to the ADA claim.
 

 III. Washington Law Against Discrimination
 

 In addition to moving for summary judgment on the ADA claim of discrimination, Costco also moves for summary judgment on the claim of a violation of the WLAD. The statute provides that “[t]he right to be free from discrimination because of ... physical handicap is recognized as and declared to be a civil right.” RCW 49.60.030(1). Additionally, that right shall include “[t]he right to full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation....”
 
 Id.
 
 at 49.60.030(l)(b). Finally, WLAD provides that “[i]t shall be an unfair practice for any person or his agent or employee to commit an act which directly or indirectly results in any distinction, restriction, or discrimination .... ”
 
 Id.
 
 at 49.60.215. The plain
 
 *MCCCXCVI
 
 tiffs in this case argue that the “task or function” inquiry “directly or indirectly” resulted in discrimination. Pi’s Comp., docket no. 1, p. 20.
 

 Washington state courts have noted that state law relating to disability discrimination substantially parallels federal law, and courts should look to interpretations of federal anti-discrimination laws, including the ADA, when applying the WLAD.
 
 See Matthews v. NCAA,
 
 179 F.Supp.2d 1209, 1229 (E.D.Wash.2001);
 
 see MacSuga v. County of Spokane,
 
 97 Wash.App. 435, 442, 983 P.2d 1167 (1999) (commenting in dicta that the WLAD and ADA “have the same purpose” and state courts therefore may look to federal cases for guidance);
 
 see also Kees v. Wallenstein,
 
 161 F.3d 1196, 1199 (9th Cir.1998) (holding that courts should employ the same analysis to evaluate claims under the ADA and the WLAD).
 

 The plaintiffs did not address the issue of the interpretation of WLAD in their response brief. Pi’s Resp., docket no. 27, p. 6-7. Instead, they argue that Costco’s policy violates WLAD because it is allegedly contradicted by a Washington State Human Rights Commission (“WSHRC”) document entitled “Service Animal Questions.”
 
 Id.
 
 at p. 6. The plaintiffs also argue that the Court should defer to a WSHRC reasonable cause finding that held that there was sufficient evidence to show that Costco’s policy violated WLAD.
 
 Id.
 
 at p. 7.
 

 A. WSHRC’s “Service Animal Questions”
 

 The plaintiffs first argue that the WSHRC’s “Service Animal Questions,” which does not provide for a “task or function” question precludes a business from asking such a question. The WSHRC guide provides:
 

 5. How can I tell if an animal is really a service animal and not just a pet?
 

 There are no legal requirements for service animals to be specially identified. Some, but not all, service animals, wear special collars and harnesses. Some, but not all, are licensed or “certified” and or have identification papers. If you are not certain that an animal is a service animal, you may ask the person who has the animal if it is a service animal required because of a disability. A public entity cannot require any proof of a person’s disability, or identification or certification of the service animal’s status.
 

 Glogowski Deck, docket no. 28, Ex. D.
 

 Plaintiffs argue that this guide restricts a business’s questioning to “whether the animal is a service animal.” Pi’s Resp., docket no. 27, p. 6. However, as Costco correctly argues, the guide simply states that Costco
 
 “may
 
 ask the person who has the animal if it is a service animal required because of a disability.” Glogowski Deck, docket no. 28, Ex. D (emphasis added). The guide does not state that a business may not ask the “task or function” question. By contrast, the guide specifically provides that “[a] public entity cannot require any proof of a person’s disability, or identification or certification of the service animal’s status.”
 
 Id.
 
 Costco’s policy does not require any such proof. Raines Deck, docket no. 24, Ex. A.
 

 B. WSHRC’s Reasonable Cause Finding
 

 The final issue for the Court is the reasonable cause finding of the WSHRC that found that there was sufficient evidence to show that the Costco “task or function” inquiry violated WLAD. Glogow-ski Deck, docket no. 28, Ex. C. WSHRC held:
 

 
 *MCCCXCVII
 
 WAC 162-26-070(6) requires that [Costco] reasonably accommodate a customer’s disability, which includes providing admittance into the store without inquiries necessitating disclosure of the nature or scope of a customer’s disability. [Costco’s] Service Animal policy violates RCW 49.60.215 by resulting in a direct restriction on the access of customers with disabilities accompanied by service animals, as compared to non-disabled customers.
 

 Id.
 
 As a preliminary matter, Washington state courts review an agency’s application of the law to facts
 
 de novo. Mader v. Health Care Auth.,
 
 149 Wash.2d 458, 470, 70 P.3d 931 (2003).
 

 In this case the Court disagrees with the Commission’s finding that there is sufficient evidence to show that Costco’s “task or function” inquiry violates WLAD. Costco’s policy does not operate as a “direct restriction” on the access of customers with disabilities accompanied by service animals. By contrast the policy first allows a service animal admittance into its stores if the animal is identified as a service animal. If there is no identification, the customer must only provide what task or function the animal performs to gain admittance into the warehouse. Costco should be allowed some way of determining which animal is in fact a service animal, and the plaintiffs cannot demonstrate that the policy as written results in discrimination.
 

 Conclusion
 

 In conclusion, the Court grants Costco’s motion with respect their counterclaim and count IV of the plaintiffs’ complaint. The ADA provides that discrimination is a failure to make a reasonable modification in policies when such a modification is necessary to afford the facilities to an individual with a disability. As the Department of Justice interpretations indicate, it is not necessary for Costco to modify their written policy to remove their “task or function” question. Finally, the Court decides the plaintiffs’ state anti-discrimination claims using the same analysis it uses to interpret the federal anti-discrimination claims.
 

 IT IS SO ORDERED.
 

 [1]
 

 . This motion does not deal with the issue of whether Costco employees applied the policy as written when the plaintiffs entered Costco's warehouses. The only question is whether the policy as written complies with the ADA and WLAD.
 

 [2]
 

 . A service animal is defined under the federal regulations as:
 

 [A]ny guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of
 
 an
 
 individual with a disability, including, but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing minimal protection or rescue work, pulling a wheelchair, or fetching dropped items.
 

 28 C.F.R. §
 
 36.104.
 
 Washington defines a service animal as "an animal that is trained for the purpose of assisting or accommodating a person's sensory, mental, or physical disability.” WAC 162-26-040.